IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SEAN L. GREENE, | ) | CASE NO.  3:23-CV-00946-BMB |
| Plaintiff, | ) | |
| vs. | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | UNITED STATES DISTRICT JUDGE |
| WARDEN MICHAEL DEMARTINO, | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| Defendant. | ) | |
| | ) | **REPORT & RECOMMENDATION** |

This matter is before the magistrate judge pursuant to Local Rule 72.2.  Before the Court is the Petition of Sean L. Greene ("Greene" or "Petitioner"), for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. Greene is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to journal entry of sentence in the case *State v. Greene*, Auglaize County Court of Common Pleas Case No. 2019-CR-247.  For the following reasons, the undersigned recommends that the Petition be DENIED.

### I.     Summary of Facts

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, factual determinations made by state courts are presumed correct unless rebutted by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see also Franklin v. Bradshaw*, 695 F.3d 439, 447 (6th Cir. 2012); *Montgomery v. Bobby*, 654 F.3d 668, 701 (6th Cir. 2011).  The state appellate court summarized the facts underlying Greene's conviction as follows:

1

{¶2} On July 6, 2019, in Auglaize County, Ohio, Greene was operating a vehicle at a high rate of speed southbound on Interstate 75 when he struck a vehicle driven by Barbara Winters ("Winters") causing a two-vehicle roll-over crash.

{¶3} At the scene, Greene was observed by witnesses and law-enforcement officers to have an odor of alcohol about his person. Greene refused the standardized field sobriety tests ("SFST") and a breath test offered by law enforcement at the scene. He also refused a law-enforcement request for a blood test at the hospital. Greene was on postrelease control at the time of the crash.

{¶4} On September 3, 2019, the Auglaize County Grand Jury indicted Greene on five criminal counts including: Counts One and Two, aggravated vehicular assault in violation of R.C. 2903.08(A)(1)(a), both third-degree felonies; Count Three, OVI in violation of R.C. 4511.19(A)(1)(a), a first-degree misdemeanor; Count Four, OVI in violation of R.C. 4511.19(A)(1)(b), a first-degree misdemeanor; and Count Five, vehicular assault in violation of R.C. 2903.08(A)(2)(b), a fourth-degree felony. On November 12, 2019, Greene appeared for arraignment and entered not-guilty pleas.

{¶5} On November 22, 2019, Greene filed a motion to suppress in the trial court. On May 4, 2020, the trial court scheduled the matter for a suppression hearing. On May 6, 2020, the State, in open court, dismissed Counts Two and Four, without prejudice.

{¶6} On May 28, 2020, the trial court held the scheduled suppression hearing. At the conclusion of the suppression hearing, the trial court ordered the defense to submit proposed findings of facts and conclusions of law, and the State to file its reply. On June 5, 2020, Greene filed his proposed findings of facts and conclusions of law. The State filed its reply in the trial court on June 11, 2020. On June 17, 2020, the trial court granted Greene's motion (as to his refusal to submit to a blood test at the hospital) and denied (his refusal to consent to the SFST and breath test at the crash scene).

{¶7} Greene's case proceeded to a jury trial on May 10, 2021, and he was found guilty by the jury of Counts One, Three, and Five. The trial court's judgment entry of conviction was filed on May 11, 2021.

{¶8} On May 28, 2021, the trial court held a sentencing hearing in Greene's case. The trial court merged Counts One and Five with the State electing to proceed on Count One for sentencing. Thereafter, the trial court ordered Green to serve a 60-month mandatory prison term under Count One. Then, the trial court determined that Greene committed his offense while out on postrelease control finding that 1,073 days remained on postrelease control. The trial court terminated his postrelease control and ordered Greene to serve the 60-month prison term under Count One plus an additional 381 days.

> Further, the trial court ordered Greene to serve 180 days of incarceration in the Ohio Department of Rehabilitation and Correction on Count Three and that he serve it consecutively to the term imposed in Count One. The judgment entry of sentencing was filed on the same day.

*State v. Greene*, No. 2-21-07, 2022-Ohio-1357, 2022 WL 1211123, at *1 (Ohio Ct. App. Apr. 25, 2022).

## II. Procedural History

### A. Trial Court Proceedings

On September 3, 2019, in case number 2019-CR-247, the Auglaize County Grand Jury indicted Greene on the following charges: two counts of aggravated vehicular assault in violation of Ohio Rev. Code § 2903.08(A)(1)(a) (Counts 1-2); one count of OVI in violation of Ohio Rev. Code § 4511.19(A)(1)(a) (Count 3); one count of OVI in violation of Ohio Rev. Code § 4511.19(A)(1)(b) (Count 4); and one count of vehicular assault in violation of Ohio Rev. Code § 2903.08(A)(2)(b) (Count 5). (Doc. No. 7-1, Ex. 1.)

On October 3, 2019, in case number 2019-CR-248, the Auglaize County Grand Jury indicted Greene on the following charges: two counts of OVI in violation of Ohio Rev. Code §§ 4511.19(A)(1)(j)(iii) and 4511.19(A)(1)(j)(viii)(l) (Counts 1-2) and two counts of aggravated vehicular assault in violation of Ohio Rev. Code. § 2903.08(A)(1)(a) (Counts 3 and 4). (Doc. No. 7-1, Ex. 3.)

Greene entered pleas of not guilty to all charges. (Doc. No. 7-1, Ex. 2 (Case No. 2019-CR-247); Doc. No. 7-1, Ex. 4 (Case No. 2019-CR-248).)

The State of Ohio moved for joinder of the two cases, with Greene's consent. (Doc. No. 7-1, Ex. 5). The trial court granted the motion for joinder. (Doc. No. 7-1, Ex. 6.) The State later moved to dismiss Case No. 2019-CR-248 and Counts 2 and 4 of the indictment in Case No. 2019-CR-247, which the trial court granted. (Doc. No. 7-1, Ex. 7-8.)

On November 22, 2019, Greene filed a motion to suppress "[a]ny tests of the Defendant's coordination, sobriety, alcohol or drug level, including chemical tests," [a]ny observations and opinions of

the police officer(s) who stopped the Defendant and arrested and tested him regarding his sobriety and alcohol level," any statements Greene made, and "[a]ny physical evidence obtained by the police." (Doc. No. 7-1, Ex. 9.)

On May 28, 2020, the trial court held a hearing on the Motion to Suppress. (Doc. No. 7-1, Ex. 10.) After the hearing, the trial court ordered Greene to file proposed findings of fact and conclusions of law and for the State to file a reply brief. (*Id.*)

On June 5, 2020, in accordance with the trial court's order, Greene filed proposed findings of fact and conclusions of law. (Doc. No. 7-1, Ex. 11.) On June 11, 2020, the State filed a reply. (Doc. No. 7-1, Ex. 12.)

On June 17, 2020, the trial court granted Greene's Motion to Suppress as to his refusal to submit to a blood test at the hospital but otherwise denied the motion. (Doc. No. 7-1, Ex. 13.) In its ruling, the trial court determined that there was probable cause for Greene's arrest. (*Id.*)

On May 6, 2021, the trial court filed a nunc pro tunc entry on the Motion to Suppress. (Doc. No. 7-1, Ex. 14.)

The case proceeded to jury trial on May 10, 2021. (Doc. No. 7-1, Ex. 15.) On May 11, 2021, the jury returned its verdict, finding Greene guilty of all charges. (*Id.*)

On May 28, 2021, the state trial court held a sentencing hearing. (Doc. No. 7-1, Ex. 16.) The trial court merged Counts One and Five, and the state elected to proceed on Count One for sentencing. (*Id.*) The trial court sentenced Greene to 60 months of incarceration plus 381 days (as Greene was on post-release control when the felony was committed) on Count 1 and 180 days on Count 3, to be served consecutively to the prison term on Count 1. (*Id.*)

**B.** **Direct Appeal**

Greene, through counsel, filed a timely notice of appeal to the Third District Court of Appeals. (Doc. No. 7-1, Ex. 17.)  In his appellate brief, he raised the following assignments of error:

> I. THE TRIAL COURT ERRED NOT GRANTING THE APPELLANT'S MOTION TO SUPPRESS THE APPELLANT'S REFUAL [SIC] OF A WARRANTLESS SEARCH OUTSIDE OHIO'S IMPLIED CONSENT STATUTE.
>
> II. THE TRIAL COURT ERRED IN OVERRULING THE APPELLANT'S OBJECTION TO TESTIMONEY [SIC] PRIVILEGED UNDER R.C. 2317.02 AND UNFAIRLY PREJUDICIAL UNDER EVID.R. 403.
>
> III. THE STATE OF OHIO FAILED TO PRESENT SUFFICIENT EVIDENCE TO SUPPORT THE CONVICTION FOR R.C. 4511.19/2903.08 AND THE APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

(Doc. No. 7-1, Ex. 18.)  The State filed a brief in response.  (Doc. No. 7-1, Ex. 19.)

On April 25, 2022, the state appellate court affirmed Greene's convictions.  (Doc. No. 7-1, Ex. 20.) *See also State v. Greene*, 2022 WL 1211123, at *1.

On June 3, 2022, Greene, through counsel, filed a Notice of Appeal with the Supreme Court of Ohio.  (Doc. No. 7-1, Ex. 21.)  In his Memorandum in Support of Jurisdiction, Greene raised the following Proposition of Law:

> I. A request to submit to a chemical breath test, outside the scope of Ohio's Implied Consent statute, is a request to submit to a warrantless search and a refusal to submit to a warrantless search cannot be raised by the State of Ohio at trial as evidence of guilt.

(Doc. No. 7-1, Ex. 22.)  The state filed a response in opposition.  (Doc. No. 7-1, Ex. 23.)

On August 16, 2022, the Supreme Court of Ohio declined to accept jurisdiction of the appeal pursuant to S.Ct. Prac.R. 7.08(B)(4).  (Doc. No. 7-1, Ex. 24.)

C.  **Federal Habeas Petition**

On May 9, 2023, Greene, through counsel, filed a Petition for Writ of Habeas Corpus in this Court and asserted the following ground for relief:

> **GROUND ONE**: A refusal to submit to a warrantless search cannot be raised by the State of Ohio at trial as evidence of guilt.
>
>> **Supporting Facts**: Sean Greene, following an automobile accident, was asked by a [sic] Ohio State Highway Patrol Officer to give a non-specific chemical test to advance an OVI investigation. Sean refused generally as he was being taken to see emergency medical services. Officers testified at no point was he under arrest. His refusal at the roadside was admitted at trial by the State of Ohio as evidence of guilt.

(Doc. No. 1.)

On August 7, 2023, Warden Michael DeMartino ("Respondent") filed the Return of Writ. (Doc. No. 7.) Greene filed a Traverse on September 6, 2023. (Doc. No. 8.)

### III. Non-cognizable claims

A.  ***Stone v. Powell* Bar**

Relying on *Stone v. Powell*, 428 U.S. 465, 494 (1976), Respondent argues that "'where the State has provided an opportunity for a full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." (Doc. No. 7 at 11.) Respondent asserts that "Greene does not claim that he was prevented from raising these issues at the suppression hearing or on appeal." (*Id.* at 13.) "Since Greene merely disputes the correctness of the state court's decision on the Fourth Amendment claim and does not point to any impediment frustrating the presentation of the claim," Respondent maintains that Greene's Fourth Amendment claim is non-cognizable on federal habeas review. (*Id.*)

Greene fails to respond to Respondent's cognizability argument. (Doc. No. 8.) Therefore, it is unopposed.

The U.S. Supreme Court and the Sixth Circuit have set forth biding precent regarding the cognizability of Fourth Amendment claims brought for habeas review. *Stone v. Powell*, 428 U.S. 465, 494 (1976); *Lawrence v. 48th Dist. Court*, 560 F.3d 475, 483 n.7 (6th Cir. 2009). "Ordinarily, we do not recognize Fourth Amendment claims in Section 2254 actions if the state proceedings provided the petitioner full and fair opportunity to litigate that claim." *Lawrence*, 560 F.3d at 483 n.7 (citing *Powell*, 428 U.S. at 494). Specifically, in *Powell*, the Supreme Court found that "where the State has provided an opportunity for a full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.* at 494. "[T]he *Powell* 'opportunity for full and fair consideration' means an available avenue for the prisoner to present his claim to the state courts, not an inquiry into the adequacy of the procedure actually used to resolve that particular claim." *Good v. Berghuis*, 729 F.3d 636, 639 (6th Cir. 2013). In considering a Fourth Amendment claim on habeas review, a district court must "make two distinct inquiries... [First,] whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim.... Second, ... whether presentation of the claim was in fact frustrated because of a failure of that mechanism." *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982) (citations omitted). If a petitioner cannot demonstrate both elements, then his Fourth Amendment claim is not cognizable. *Id.*

Turning to the two inquiries discussed in *Riley*, this Court agrees with Respondent that Petitioner's Fourth Amendment claim is not cognizable on habeas review. In *Riley*, the Sixth Circuit held that by providing for the filing of a pretrial motion to suppress and the opportunity to directly appeal any ruling denying a suppression motion, Ohio has a mechanism in place for the resolution of Fourth Amendment

7

claims, which "is, in the abstract, clearly adequate." *Riley*, 674 F.2d at 526. Therefore, the determination whether *Powell* applies turns solely on the resolution of the second *Riley* inquiry. *See Hillman v. Beightler*, No. 5:09-cv-2538, 2010 WL 2232635, at *5 (N.D. Ohio May 26, 2010). This second inquiry is "not meant to be a case by case review of state court determinations," but rather "is a review of whether the state provided an adequate mechanism to address Petitioner's Fourth Amendment claims." *Abdul–Mateen v. Hofbauer*, No. 98–2323, 2000 WL 687653, at *3 (6th Cir. May 19, 2000). As another district court within this circuit has explained:

> Under *Stone,* however, the correctness of the state courts' conclusions is simply irrelevant. The courts that have considered the matter "have consistently held that an erroneous determination of a habeas petitioner's Fourth Amendment claim does not overcome the *Stone v. Powell* bar." *Gilmore v. Marks,* 799 F.2d 51, 57 (3d Cir.1986); *see also, Willett,* 37 F.3d at 1270 (citing cases). An argument directed solely at the correctness of the state court decision "goes not to the fullness and fairness of his opportunity to litigate the claim[s], but to the correctness of the state court resolution, an issue which *Stone v. Powell* makes irrelevant." *Siripongs v. Calderon,* 35 F.3d 1308, 1321 (9th Cir. 1994). Again, as succinctly put by the Seventh Circuit, "'full and fair guarantees the right to present one's case, but it does not guarantee a correct result." *Cabrera,* 324 F.3d at 532.

*Brown v. Berghuis*, 638 F. Supp. 2d 795, 812-13 (E.D. Mich. 2009).

In *Abdul–Mateen*, the Sixth Circuit recognized that an exception was carved out in *Riley* for "'egregious error in the application of [F]ourth [A]mendment principles.'" 2000 WL 687653, at *3 (quoting *Riley*, 674 F.2d at 526). In *Riley*, the Sixth Circuit explained that "[w]hen a petitioner alleges egregious error in the application of fourth amendment principles of a magnitude and nature similar to the state court error present in Gamble. . .a federal habeas court might be justified in concluding that an opportunity for a full and fair hearing had not been afforded the petitioner."[1] 674 F.2d at 526.

---

[1] In *Gamble v. State of Oklahoma*, 583 F.2d 1161, 1165-66 (10th Cir. 1978), the Tenth Circuit found that the petitioner had not been afforded the opportunity for a full and fair hearing, and therefore the *Stone v. Powell* bar did not apply, where the state courts "did not recognize or apply" controlling Supreme Court precedent. In finding that "a federal court is not precluded from considering Fourth Amendment claims in habeas corpus proceedings where the state court wilfully refuses to apply the correct and controlling

The record shows Greene filed a motion to suppress with the state trial court. (Doc. No. 7-1, Ex. 9.) The state trial court held a hearing on the motion to suppress and ordered each side to file proposed findings of fact and conclusions of law. (Doc. No. 7-1, Ex. 10.) The state trial court then issued a reasoned decision granting in part and denying part the motion to suppress. (Doc. No. 7-1, Ex. 13-14.) Greene does not assert any egregious error that denied him an opportunity for a full and fair hearing.[2] (Doc. No. 8.) Instead, it is clear from the record that Greene was able to litigate his Fourth Amendment claim fully and fairly in the state courts and that he is unhappy with the result. Again, "[a]n argument directed solely at the correctness of the state court decision "goes not to the fullness and fairness of his opportunity to litigate the claim[s], but to the correctness of the state court resolution, an issue which *Stone v. Powell* makes irrelevant." *Brown v. Berghuis*, 638 F. Supp. 2d at 812-13 (citation omitted).

For all of the foregoing reasons, the undersigned recommends the Court find that Greene's Fourth Amendment claim is non-cognizable under *Stone v. Powell*.

---

constitutional standards," the Tenth Circuit explained that "[d]eference to state court consideration of Fourth Amendment claims does not require federal blindness to a state court's wilful refusal to apply the appropriate constitutional standard." *Id.* at 1165. The Tenth Circuit noted Gamble had argued the application of the controlling Supreme Court precedent to the state courts of appeal. *Id.* at 1163.

[2] As noted above, Greene, who is represented by counsel, failed to address Respondent's cognizability argument in his Traverse. (Doc. No. 8.) Rather, Greene argues that the Supreme Court decision in *McNeely* [569 U.S. 141 (2013)] left "the holdings of *Hoover* [2009-Ohio-4993, 916 N.E.2d 1056 (Ohio 2009)] and it's [sic] supporting cases, as well as subsequent cases following *Schmerber's* [384 U.S. 757 (1966)] and *Hoover's* analysis regarding 4th Amendment requirements *questionable at best*." (Doc. No. 8 at 8) (emphasis added). The Court notes that *McNeely* and *Schmerber* dealt with blood draws, not breath tests, and the state trial court granted Greene's motion to suppress as to the blood draw. (Doc. No. 7-1, Ex. 13-14.) The Supreme Court has made clear there are differences under Fourth Amendment jurisprudence between breath tests and blood draws. *Mitchell v. Wisconsin*, 588 U.S. 840, 843 (2019) ("We have previously addressed what officers may do in two broad categories of cases. First, an officer may conduct a BAC test if the facts of a particular case bring it within the exigent-circumstances exception to the Fourth Amendment's general requirement of a warrant. Second, if an officer has probable cause to arrest a motorist for drunk driving, the officer may conduct a breath test (but not a blood test) under the rule allowing warrantless searches of a person incident to arrest."); *Birchfield v. North Dakota*, 579 U.S. 438, 476 (2016) ("Because breath tests are significantly less intrusive than blood tests and in most cases amply serve law enforcement interests, we conclude that a breath test, but not a blood test, may be administered as a search incident to a lawful arrest for drunk driving. As in all cases involving reasonable searches incident to arrest, a warrant is not needed in this situation.").

**B.      Evidentiary Ruling**

Respondent argues that "Greene's claim challenging the admission of evidence of his refusal to take a breath test is not cognizable" on federal habeas review. (Doc. No. 7 at 13.) In addition, "[r]elying on Ohio precedent, the Ohio Court of Appeals held that the refusal to take a state approved breath test was admissible under Ohio law, regardless of a person's arrest status." (*Id.* at 14.) Respondent asserts that since "this was the state of the law in Ohio, Greene has not shown that the trial court's ruling admitting his refusal to take a breath test was so egregious that it resulted in a denial of fundamental fairness." (*Id.*)

Federal habeas relief is unavailable to retry state issues that do not rise to the level of a federal constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *see also Nunez v. Brunsman*, 886 F. Supp. 2d 765, 769 (S.D. Ohio 2012) ("habeas relief is only available to correct violations of federal law"). State evidentiary errors, "especially with regard to the admissibility of evidence, are usually not cognizable in federal habeas corpus." *Walker v. Engle*, 703 F.2d 959, 962 (6th Cir. 1983); *see also Wilson v. Sheldon*, 874 F.3d 470, 475 (6th Cir. 2017) ("With regard to evidentiary rulings, the standard for habeas relief is not easily met"). While after AEDPA, the Sixth Circuit has recognized "that a federal court may 'grant relief in cases where the state's evidentiary ruling is so fundamentally unfair that it rises to the level of a due-process violation,'" *Stewart v. Winn*, 967 F.3d 534, 540 (6th Cir. 2020) (quoting *Moreland v. Bradshaw,* 699 F.3d 908, 923 (6th Cir. 2012)) (internal quotation marks omitted), the Sixth Circuit added an "important caveat": "a habeas petitioner's challenge to an 'evidentiary ruling' cannot satisfy § 2254(d)(1) unless the petitioner identifies 'a Supreme Court case establishing a due process right with regard to [the] *specific kind of evidence*' at issue." *Id.* at 538, 540 (emphasis in original). Finally, a state claim does not transform into a federal constitutional violation merely from alleging a due process violation at the habeas level. *See Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006).

10

In addition, "it is not the province of a federal habeas court to reexamine state-court decisions on state-law questions." *Estelle*, 502 U.S. at 67-68. *See also Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007); *Coleman v. Mitchell*, 244 F.3d 533, 542 (6th Cir. 2001), *superseded by statute as stated in Stewart v. Winn*, 967 F.3d at 540. Stated another way, a state court's interpretation of state law is binding upon a federal habeas court. *See Bradshaw v. Richey*, 546 U.S. 74, 76, 126 S.Ct. 602, 163 L.Ed.2d 407 (2005); *Bibbs v. Bunting*, 1:16-cv-02069, 2017 WL 4083558, at *15 (N.D. Ohio May 17, 2017). *See also Thompson v. Williams*, 685 F. Supp. 2d 712, 721 (N.D. Ohio 2010) (stating "a federal court may not second-guess a state court's interpretation of its own procedural rules.")

Respondent's argument is well-taken. Greene makes no showing that the admission of this evidence rises to the level of a due process violation or that there is a United States Supreme Court case establishing a due process right with regard to this specific kind of evidence.[3] Therefore, the portion of Ground One challenging the admission of evidence of Greene's refusal to take a breath test is non-cognizable on habeas review.

## IV. Review on the Merits

**A.     Legal Standard**

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997). The relevant provisions of AEDPA state:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

---

[3] In fact, as discussed *infra*, Supreme Court precedent cuts the other way. *See Stewart v. Winn*, 967 F.3d 534, 538 (6th Cir. 2020).

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (1996).

Clearly established federal law is to be determined by the holdings (as opposed to the dicta) of the United States Supreme Court. *See Parker v. Matthews*, 567 U.S. 37, 132 S.Ct. 2148, 183 L.Ed.2d 32 (2012); *Renico v Lett*, 559 U.S. 766, 130 S.Ct. 1855, 1865-1866 (2010); *Williams v. Taylor*, 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *Shimel v. Warren,* 838 F.3d 685, 695 (6th Cir. 2016); *Ruimveld v. Birkett*, 404 F.3d 1006, 1010 (6th Cir.2005). Indeed, the Supreme Court has indicated that circuit precedent does not constitute "clearly established Federal law, as determined by the Supreme Court." *Parker*, 567 U.S. at 48-49; *Howes v. Walker*, 567 U.S. 901, 132 S.Ct. 2741, 183 L.Ed.2d 612 (2012). *See also Lopez v. Smith*, ⸺ U.S. ⸺, 135 S.Ct. 1, 4, 190 L.Ed.2d 1 (2014) (per curiam) ("Circuit precedent cannot 'refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that this Court has not announced.'" (quoting *Marshall v. Rodgers*, 569 U.S. 58, 133 S.Ct. 1446, 1450, 185 L.Ed.2d 540 (2013))).

A state court's decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. at 413. By contrast, a state court's decision involves an unreasonable application of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. *See also Shimel*, 838 F.3d at 695. However, a federal district court may not find a

state court's decision unreasonable "simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." *Williams v. Taylor,* 529 U.S. at 411. Rather, a federal district court must determine whether the state court's decision constituted an objectively unreasonable application of federal law. *Id.* at 410-12. "This standard generally requires that federal courts defer to state-court decisions." *Strickland v. Pitcher*, 162 Fed. Appx. 511, 516 (6th Cir. 2006) (citing *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998)).

In *Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011), the Supreme Court held that as long as "fairminded jurists could disagree on the correctness of the state court's decision," relief is precluded under the AEDPA. *Id.* at 786 (internal quotation marks omitted). The Court admonished that a reviewing court may not "treat[ ] the reasonableness question as a test of its confidence in the result it would reach under *de novo* review," and that "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. at 785. The Court noted that Section 2254(d) "reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems" and does not function as a "substitute for ordinary error correction through appeal." *Id*. (internal quotation marks omitted). Therefore, a petitioner "must show that the state court's ruling ... was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 786–87. This is a very high standard, which the Supreme Court readily acknowledged. *See id.* at 786 ("If this standard is difficult to meet, that is because it is meant to be.")

Respondent argues that "[t]o the extent petitioner argues that admission of his refusal to submit to the breath test violates his Fifth Amendment right against self-incrimination, his argument is unavailing." (Doc. No. 7 at 14-15.) Respondent asserts that Supreme Court precedent forecloses Greene's Fifth Amendment argument. (*Id.* at 15-16.)

13

In his Traverse, Greene argues that "[i]f the defendant has refused to submit to a chemical test, which he has a constitutional right to do, then the fact of his refusal cannot be either a crime or the subject of comment by the state at trial." (Doc. No. 8 at 14.) Greene also asserts that the "Fifth Amendment to the United States Constitution, as well as Article I Section 10 of the Ohio Constitution's Bill of Rights, prohibits a prosecutor from making direct, adverse comments on a defendant's failure to testify on his or her own behalf." (*Id.*) (citations omitted).

The Fifth Amendment to the United States Constitution, applicable to the states by the Fourteenth Amendment, provides no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. Amend. V, XIV. In *Schmerber v. California*, 384 U.S. 757, 760-61 (1966) (footnote omitted), the Supreme Court held that a blood alcohol test, taken over the Petitioner's refusal, did not violate the Fifth Amendment: "We hold that the privilege protects an accused only from being compelled to testify against himself, or otherwise provide the State with evidence of a testimonial or communicative nature,[] and that the withdrawal of blood and use of the analysis in question in this case did not involve compulsion to these ends." *See also Pennsylvania v. Muniz*, 496 U.S. 582, 589 (1990) ("[W]e have long held that the privilege does not protect a suspect from being compelled by the State to produce 'real or physical evidence.'. . . Rather, the privilege 'protects an accused only from being compelled to testify against himself, or otherwise provide the State with evidence of a testimonial or communicative nature.'. . . '[I]n order to be testimonial, an accused's communication must itself, explicitly or implicitly, relate a factual assertion or disclose information. Only then is a person compelled to be a witness against himself.'" (internal citations and quotation marks omitted).

In *South Dakota v. Neville*, 459 U.S. 553, 560 (1983), the Supreme Court answered the question reserved in *Schmerber*: whether evidence of refusal to take a blood-alcohol test used against an accused at trial violated the Fifth Amendment privilege against self-incrimination. The Supreme Court held that "a

14

refusal to take a blood-alcohol test, after a police officer has lawfully requested it, is not an act coerced by the officer, and thus is not protected by the privilege against self-incrimination." *Id.* at 564. The Supreme Court explained:

> In contrast to these prohibited choices, the values behind the Fifth Amendment are not hindered when the state offers a suspect the choice of submitting to the blood-alcohol test or having his refusal used against him. The simple blood-alcohol test is so safe, painless, and commonplace, see *Schmerber,* 384 U.S., at 771, 86 S.Ct., at 1836, that respondent concedes, as he must, that the state could legitimately compel the suspect, against his will, to accede to the test. Given, then, that the offer of taking a blood-alcohol test is clearly legitimate, the action becomes no *less* legitimate when the State offers a second option of refusing the test, with the attendant penalties for making that choice. Nor is this a case where the State has subtly coerced respondent into choosing the option it had no right to compel, rather than offering a true choice. To the contrary, the State wants respondent to choose to take the test, for the inference of intoxication arising from a positive blood-alcohol test is far stronger than that arising from a refusal to take the test.

*Id.* at 563-64.

As Supreme Court precedent forecloses Greene's Fifth Amendment argument, the undersigned recommends the Court deny this portion of Ground One.

### V. Conclusion

For all the reasons set forth above, it is recommended that the Petition be DENIED.

Date: September 6, 2024  *s/ Jonathan Greenberg*
Jonathan D. Greenberg
United States Magistrate Judge

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order.** ***Berkshire v. Beauvais*, 928 F.3d 520, 530-31 (6th Cir. 2019).**