UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SEAN L. GREENE, | ) | CASE NO. 3:23-cv-00946 |
| | ) | |
| Petitioner, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL DEMARTINO, WARDEN, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Jonathan D. Greenberg (Doc. 9) recommending the Court deny Petitioner Sean Greene's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and dismiss the claims therein. Petitioner filed an objection to the R&R on September 20, 2024. (Doc. 10.) Respondent Warden Michael DeMartino ("Respondent") did not file any response. For the reasons herein, Petitioner's objection is OVERRULED, and the R&R is ACCEPTED and ADOPTED. The Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

I. BACKGROUND

A. Trial Court Proceedings

On September 3, 2019, an Auglaize County grand jury indicted Petitioner Sean Greene on five counts: two counts of aggravated vehicular assault in violation of R.C. § 2903.08(A)(1)(a) (Counts One and Two); operating a vehicle while intoxicated in violation of R.C. § 4511.19(A)(1)(a) (Count Three); operating a vehicle while intoxicated in violation of R.C. § 4511.19(A)(1)(b) (Count Four); and vehicular assault in violation of R.C. § 2903.08(A)(2)(b)

(Count Five).¹  *State v. Greene*, No. 2-21-07, 2022 WL 1211123, 2022 Ohio App. LEXIS 1245, at *2 (Ohio Ct. App. Apr. 25, 2022) ("Case No. 2019-CR-247").  The charges relate to a July 6, 2019, car accident where Petitioner struck another driver's vehicle and caused a roll-over crash.²  *Id.* at *1.  At the scene, law enforcement officers observed that Petitioner smelled of alcohol.  *Id.*  Petitioner refused both a field sobriety test and an on-scene breath test.  *Id.*  He also refused to a blood test at the hospital.  *Id.* at *2.

On November 22, 2019, Petitioner moved to suppress "[a]ny tests of the Defendant's coordination, sobriety, alcohol or drug level, including chemical tests," "[a]ny observations and opinions of the police officer(s) who stopped the Defendant and arrested and tested him regarding his sobriety and alcohol level," any statements Greene made, and "[a]ny physical evidence obtained by the police."  (Doc. 7-1 at 77.)  On May 28, 2020, the trial court held a suppression hearing.  (*Id.* at 108.)  On June 17, 2020, the trial court granted the motion to suppress as it relates to Petitioner's refusal to consent to a blood draw at the hospital but otherwise denied the motion.  (*Id.* at 108-11.)  Specifically, the trial court found Petitioner's refusal to take a chemical test did not violate his Fifth Amendment right against self-incrimination.  (*Id.* at 110.)  Relying on *South Dakota v. Neville*, 459 U.S. 553, 103 S.Ct. 916, 74

---

¹ Petitioner did not object to the R&R's reliance on the state court appellate opinion to establish the factual record.  Under the Antiterrorism and Effective Death Penalty Act of 1998 (AEDPA), the facts established in the state courts "shall be presumed to be correct" unless Petitioner rebuts "the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1). Therefore, the facts established in the state court proceedings and restated in the R&R are presumed correct.

² On October 3, 2019, Petitioner was indicted in a separate case, Case No. 2019-CR-248, relating to the same conduct in Case No. 2019-CR-247.  On December 9, 2019, the State moved pursuant to Ohio Criminal Rule 8 to join the cases.  (Doc. 7-1 at 67.)  The State alleged that both matters related to the same act or transaction, namely the same July 6, 2019, car accident.  (*Id.*) Defendant consented to joinder.  (*Id.*)  Joinder was granted.  (*Id.* at 70.)

L.Ed.2d 748 (1983) and *Maumee v. Anistik*, 632 N.E.2d 497 (Ohio 1994), the trial court concluded "evidence of a refusal to submit to chemical tests can be used against the defendant at trial." (*Id.*)  Citing *Birchfield v. North Dakota*, 579 U.S. 438, 136 S.Ct. 2160, 195 L.Ed.2d 560 (2016) and *Missouri v. McNeely*, 569 U.S. 141, 133 S.Ct. 1552, 185 L.Ed.2d 696 (2013), the trial court distinguished between a blood draw and a breath test, concluding a defendant has a constitutional right to refuse a blood draw, and therefore, a refusal could not be admitted.  (*Id.*)  However, the trial court found the same was not true regarding a breath test, and therefore, a refusal could be introduced at trial.  (*Id.* at 110-11.)

On May 6, 2020, the State dismissed Counts Two (aggravated vehicular assault) and Four (operating a vehicle while intoxicated).  (*Id.* at 75.)  On May 10, 2021, the case proceeded to a jury trial on the remaining counts, that being Counts One, Three, and Five.  (*Id.* at 118.)  The next day, the jury returned guilty verdicts on all charges.  (*Id.*)  At sentencing, the trial court found Counts One and Five merged.  (*Id.* at 120.)  The trial court then sentenced Petitioner to 60 months incarceration on Count One and 180 days on Count Three, to run consecutively.  (*Id.* at 120-21.)  At the time of the offense, Petitioner was on post-release control for another offense.  (*Id.* at 121.)  Accordingly, the trial court revoked post-release control and sentenced Petitioner to an additional 381 days on Count One.  (*Id.*)

      **B.**     **Direct Appeal**

Petitioner timely appealed to the Third District Court of Appeals.  (*Id.* at 126.)  Petitioner raised three assignments of error:

> THE TRIAL COURT ERRED NOT GRANTING THE APPELLANT'S MOTION TO SUPPRESS THE APPELLANT'S REFUAL [SIC] OF A WARRANTLESS SEARCH OUTSIDE OHIO'S IMPLIED CONSENT STATUTE.

> THE TRIAL COURT ERRED IN OVERRULING THE APPELLANT'S OBJECTION TO TESTIMONEY [SIC] PRIVILEGED UNDER R.C. 2317.02 AND UNFAIRLY PREJUDICIAL UNDER EVID.R. 403.
>
> THE STATE OF OHIO FAILED TO PRESENT SUFFICIENT EVIDENCE TO SUPPORT THE CONVICTION FOR R.C. 4511.19/2903.08 AND THE APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

(*Id.* at 127.)  The appellate court overruled all three assignments of error and affirmed Petitioner's convictions.  (*Id.* at 195.)  As it relates to the breath test, the appellate court found the trial court did not err when it allowed evidence of Petitioner's refusal to submit to the breath test at the scene.  (*Id.* at 201-02.)  Like the trial court, the appellate court relied on *Maumee v. Anistik*, 632 N.E.2d 497 (Ohio 1994), to conclude the refusal to take a breath test on the scene could be used against the defendant at trial.  (*Id.* at 206.)  The appellate court also rejected Petitioner's contention that because he was not yet arrested, his refusal could not be used against him.  (*Id.*)  Citing *Westerville v. Cunningham*, 239 N.E.2d 40 (Ohio 1968), the appellate court found the refusal could be used regardless of Petitioner's arrest status.  (*Id.*)

On June 3, 2022, Petitioner appealed to the Supreme Court of Ohio.  (*Id.* at 225.)  The Supreme Court of Ohio declined jurisdiction.  (*Id.* at 257.)

### C. Federal Habeas Petition

On May 9, 2023, Petitioner filed the instant petition.  (Doc. 1.)  The petition asserted one ground for relief:

> **GROUND ONE**: A refusal to submit to a warrantless search cannot be raised by the State of Ohio at trial as evidence of guilt.
>
> **Supporting Facts**: Sean Greene, following an automobile accident, was asked by a [sic] Ohio State Highway Patrol Officer to give a non-specific chemical test to advance an OVI investigation.  Sean refused generally as he was being taken to see emergency medical services.  Officers testified at no point was he under arrest.  His refusal at the roadside was admitted at trial by the State of Ohio as evidence of guilt.

(*Id.* at 5.) The petition appears to raise Fourth and Fifth Amendment arguments. On August 7, 2023, Warden Michael DeMartino ("Respondent") filed a Return of Writ. (Doc. 7.) Petitioner filed his Traverse on September 6, 2023. (Doc. 8.)

### D. The R&R

Relying on *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), the R&R recommended the Court find Petitioner's claim non-cognizable. (Doc. 9 at 685.) In *Powell*, the Supreme Court held "where the State has provided an opportunity for a full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 428 U.S. at 494. The Sixth Circuit explained "the *Powell* opportunity for a full and fair consideration means an available avenue for the prisoner to present his claim to the state courts, not an inquiry into the adequacy of the procedure actually used to resolve that particular claim." *Good v. Berghuis*, 729 F.3d 636, 639 (6th Cir. 2013).

The *Powell* inquiry requires a district court to consider: (1) "whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim"; and (2) "whether presentation of the claim was in fact frustrated because of the failure of that mechanism." *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982). Here, the R&R explained Petitioner filed a motion to suppress in the state trial court. (Doc. 9 at 688.) The state court held a suppression hearing and then issued a decision on the motion to suppress. (*Id.*) Accordingly, Petitioner was able to litigate his Fourth Amendment claim fully and fairly. (*Id.*) The present petition simply challenges the correctness of the trial court's decision because he is unhappy with the result. (*Id.*) However, this is precisely what *Powell* bars.

The R&R also recommended the Court find Petitioner's Fourth Amendment claim non-cognizable because the petition seeks to retry state evidentiary issues. (*Id.* at 689.) Citing *Walker v. Engle*, 703 F.2d 959, 962 (6th Cir. 1983), the R&R explained "[s]tate evidentiary errors, especially with regard to the admissibility of evidence, are usually not cognizable in federal habeas corpus." (*Id.*) Under Sixth Circuit law, "a federal court may 'grant relief in cases where the state's evidentiary ruling is so fundamentally unfair that it rises to the level of a due-process violation.'" *Steward v. Winn*, 967 F.3d 534, 540 (6th Cir. 2020) (quoting *Moreland v. Bradshaw*, 699 F.3d 908, 923 (6th Cir. 2012)). Additionally, "a habeas petitioner's challenge to an evidentiary ruling cannot satisfy § 2254(d)(1) unless the petitioner identifies a Supreme Court case establishing a due process right with regard to [the] specific kind of evidence at issue." *Id.* at 538 (quotation and citation omitted). Accordingly, the R&R recommended the Court find Petitioner's claim non-cognizable because Petitioner made no showing the admission of the evidence rises to a level of a due process violation or that the United States Supreme Court has established a due process right regarding the evidence in this case. (Doc. 9 at 690.)

Regardless of any procedural bar, the R&R addressed the merits of the petition as it relates to Petitioner's Fifth Amendment arguments. (*Id.*) The R&R recommended the Court find the decision to allow evidence relating to Petitioner's refusal to take a breath test was not contrary to federal law and the decision was not based on an unreasonable determination of the facts. (*Id.* at 691.) Relying on *Schmerber v. California*, 384 U.S. 757, 86 S.Ct. 757, 16 L.Ed.2d 908 (1966) and *South Dakota v. Neville*, 459 U.S. 553, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983), Petitioner's Fifth Amendment right against self-incrimination was not violated when evidence of his refusal to take a breath test was introduced at his trial. (*Id.* at 693-94.)

E.     Petitioner's Objection to the R&R

On September 20, 2024, Petitioner timely filed an objection to the R&R. (Doc. 10.) Though Petitioner does not identify a specific objection, he appears to object generally to the R&R's application of certain legal authority. (*Id.* at 696.) Primarily, Petitioner argues the R&R failed to properly consider *Missouri v. McNeely*, 569 U.S. 141, 133 S.Ct. 1552, 185 L.Ed.2d 969 (2013) as it relates to his Fourth Amendment claim, which he claims overruled case law relied on in the R&R. (*Id.*) Petitioner does not address the R&R's discussion of *Stone v. Powell* or the evidentiary ruling bar.

## II.    LEGAL STANDARD

"A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which the objection is made." 28 U.S.C. § 636(b)(1)(C); *Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, 1994 U.S. App. LEXIS 27813, at *3 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of specific objections filed by any party."); *see also* Fed. R. Civ. P. 72(b)(3).

An objection that "does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before" is not considered a proper objection for the district court's *de novo* review. *Woodson v. Ohio*, No. 19-cv-0339, 2022 WL 842240, 2022 U.S. Dist. LEXIS 51388, at *3 (N.D. Ohio Mar. 22, 2022) (quoting *Aldrich v. Bock*, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004)); *see also* L. Civ. R. 72.3(b) (stating that any objecting party shall file "written objections which shall specifically identify the portions of the

proposed findings, recommendations, or report to which objection is made and the basis for such objections").

The petition at issue here is governed by AEDPA, which provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

AEDPA "erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." *Burt v. Titlow*, 571 U.S. 12, 19, 134 S.Ct. 10, 187 L.E.2d 348 (2013). "The Supreme Court has regularly 'reminded' courts that this text adopts a 'difficult to meet' test." *Fields v. Jordan*, 86 F.4th 218, 231 (6th Cir. 2023) (quoting *White v. Woodall*, 572 U.S. 415, 419, 134 S.Ct. 1697, 188 L.Ed.2d 698 (2014)). "AEDPA thus imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773, 130 S.Ct. 1855, 176 L.Ed.2d 678 (2010) (internal quotations and citations omitted). AEDPA's deferential review standard was intentional. *Harrington v. Richter*, 562 U.S. 86, 103, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011).

The question on *de novo* review "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473, 127 S.Ct. 1933, 167 L.Ed.2d 836

(2007).  To receive habeas relief in federal court, the petitioner "must show the state court's ruling on the claim presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Harrington*, 562 U.S. at 103-04.  "[H]abeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal."  *Id.* at 102-03 (quoting *Jackson v. Va.*, 443 U.S. 307, 332 n.5, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).

**III.  ANALYSIS**

Defendants charged with intoxicated driving often challenge chemical testing of blood alcohol levels under the Fourth or Fifth Amendment.  *Mitchell v. Wisconsin*, 588 U.S. 840, 847, 139 S.Ct. 2525, 204 L.Ed.2d 1040 (2019).  The petition in this case raised both issues, and Petitioner's objection appears to challenge the merits of both.

As it relates to the Fourth Amendment, Petitioner's objection argues the R&R erred by relying on *Schmerber* and *Neville*, 459 U.S. 553, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983) for the proposition that the introduction of evidence relating to a refusal to take a breath test is not a violation of a defendant's Fourth Amendment rights.  (Doc. 10 at 696.)  He argues *McNeely* overruled the Fourth Amendment holding in *Schmerber* and the R&R should have relied on *McNeely* to find an error at the trial court.  (*Id.*)  That is, Petitioner argues he had a constitutional right to refuse the warrantless breath test, and therefore, introduction of his refusal to take the warrantless breath test violated his constitutional rights.  (*Id.*)

Regardless of Petitioner's merits argument on the Fourth Amendment, Petitioner's Fourth Amendment claim is barred under *Powell* and the evidentiary ruling bar.  (Doc. 9 at 685-90.) Petitioner did not address these issues in his Traverse and did not object to the R&R on either

basis. Therefore, Petitioner has waived *de novo* review of these portions of the R&R. *Pfahler v. Nat'l Latex Prods. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (affirming district court's decision to adopt Magistrate Judge's recommendation where no party filed an objection on the specific issue on appeal). Nonetheless, after consideration of the entire record, the Court independently finds Petitioner's Fourth Amendment claims are barred by *Powell* and the evidentiary ruling bar. Accordingly, Petitioner's objection is overruled, and the R&R is accepted and adopted as it relates to Petitioner's Fourth Amendment claim.

As it relates to the Fifth Amendment, the Supreme Court held in *Schmerber* compelling defendants to undertake a blood test does not violate the Fifth Amendment. 384 U.S. at 765. Later, in *Neville*, the Supreme Court held the introduction of a defendant's refusal to take a blood test similarly does not violate the Fifth Amendment. 459 U.S. at 563. These holdings have been approvingly cited by the Supreme Court as recently as 2019. *See Mitchell*, 588 U.S. at 847 (first citing *Schmerber*, 384 U.S. at 765 ("We have held that forcing drunk-driving suspects to undergo a blood test does not violate their constitutional right against self-incrimination."), then citing *Neville*, 459 U.S. at 563 ("Nor does using their refusal against them in court.")). Thus, as it relates to Petitioner's Fifth Amendment arguments, reliance on these precedents is correct, and such precedential authority foreclose Petitioner's claim. Accordingly, Petitioner's objection is overruled, and the R&R is accepted and adopted as it relates to Petitioner's Fifth Amendment claim.

## IV. CONCLUSION

For the reasons stated herein, Petitioner Sean Greene's Objection to the Report and Recommendation (Doc. 10) is OVERRULED, and the Report and Recommendation is ACCEPTED and ADOPTED. The Petition for Writ of Habeas Corpus (Doc. 1) is DENIED and

DISMISSED.  The Court certifies there is no basis on which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed. R. App. P. 22(b).

    **IT IS SO ORDERED.**

Date:  October 21, 2025

                                              BRIDGET MEEHAN BRENNAN
                                              UNITED STATES DISTRICT JUDGE